B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Saurabh Aggarwal<br>Neena Jain, H/w | DEFENDANTS<br>Sahir Budhraja<br>Anmol Budhraja |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Steven J. Sico, Esq.<br>235 Main St.<br>Woodbridge, NJ 07095 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Defendants fraudulently and willfully converted, misappropriated and diverted plaintiffs funds

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☒ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 801,636.04 |

Other Relief Sought

Monetary judgment, attorney fees plus costs

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

DATE 10/29/15

PRINT NAME OF ATTORNEY (OR PLAINTIFF) Steven J. Sico

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Law Office
Steven J. Sico & Associates, PC
235 Main Street
Woodbridge, New Jersey 07095
(732) 636-2660
Attorneys for SAURABH AGGARWAL
& NEMA JAIN, H & W

|  |  |
|---|---|
| IN RE:<br><br>SUDHIR BUDHIRAJA,<br>ANMOL BUDHIRAJA,<br><br>Debtors | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>CHAPTER 7<br><br>CASE NO: 15-25036-MBK<br>JUDGE: KAPLAN |
| SAURABH AGGARWAL<br>NEMA JAIN, H & W<br><br>Plaintiff,<br><br>VS.<br><br>SUDHIR BUDHIRAJA &<br>ANMOL BUDHIRAJA<br><br>Defendant. | ADVERSARIAL COMPLAINT FOR<br>TO DETERMINE DISCHARGEABILITY OF DEBT<br>AND MONETARY JUDGMENT<br><br>ADVERSARY # |

The Plaintiffs SAURABH AGGARWAL & NEMA JAIN by way of this Adversarial Complaint against the Defendant Debtors Sudhir Budhiraja and Anmol Budhiraja alleges as follows:

## JURISDICTION

1. Defendants SUDHIR BUDHIRAJA & ANMOL BUDHIRAJA, filed a Chapter 7 bankruptcy petition before this court with Case # 15-25036

2. Plaintiffs are listed as creditors in the debtor's petition on Schedule F.

1

3. The United States District Court for the District of New Jersey has jurisdiction over the parties and the subject matter of this adversary proceeding pursuant to 28 U.S.C. 1334, 28 U.S.C. 151 and 28 U.S.C. §157.

4. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. 157(b) (2) and accordingly, jurisdiction is conferred upon the United States Bankruptcy Court for the District of New Jersey.

5. Venue is proper in this Court pursuant to 28 U.S.C. 1408.

6. This matter is a Core Proceeding pursuant to 28 U.S.C. 157(b) (2) (1).

## FIRST COUNT

1. Debtors filed their Chapter 7 Petition on 8/10/2015.

2. Plaintiff/Creditors are listed in Schedule F.

3. Debtors petition fails to list that the debt incurred was a result of a business ownership of a company owned Debtor namely North America Recycling, Inc.

4. Debtor's petition fails to disclose the business relationship with the Creditors in regards to Debtors former ownership of North America Recycling, Inc.

5. Debtor's petition fails to disclose the numerous business entities that Debtor has and his relationship to same.

6. Debtor Sudhir Budhiraja, took money from the Plaintiffs for the creation of North America Recycling, Inc. and the subsequent transfer of monies to places unknown.

7. Debtors took said money form Plaintiffs knowing full well they had no intention of repaying the debt.

8. Within the last one year preceding the complaint, debtors in an attempt to satisfy the debt to plaintiff's the ownership of North America Recycling, Inc., but failed to disclose the assets transferred were the subject of many lawsuits and debts owed by the company.

9. Immediately preceding the filing the bankruptcy complaint, Plaintiff learned of the many variations and business associations created by Debtors in an attempt to deter liability and defraud plaintiff creditors.

10. Debtors actions, were wanton, prejudicial, and with malice aforethought in a fraud scheme to defraud creditor plaintiffs.

11. Pursuant to 11 USC 523 (a) (2) and (4) money, property, services, or an extension of renewal, or refinancing debt of credit are non-dischargeable to the extent that they are obtained by false pretenses, a false representation and or actual fraud.

12. Pursuant to 11 USC 523 (a) (6) money, property, services, or an extension of renewal, or refinancing debt of credit are non-dischargeable to the extent that it was willful false and caused malicious injury.

13. Pursuant to 11 USC 548 money, property, services, or an extension of renewal, or refinancing debt of credit are non-dischargeable caused harm and said monies were fraudulently transferred to the numerous companies, and family members of debtors to plaintiffs detriment and are subject to recovery as fraudulent transfers.

14. Debtor knew or should have known at the time of the transactions at issue that they could not afford to repay Plaintiff, and in fact, could not afford to Plaintiff.

15. Defendant, incurred the charges in anticipation of a bankruptcy filing.

16. Defendant, as such falsely represented the ability to repay and intent to repay Plaintiff and Plaintiff reasonably relief upon such representations to their detriment.

3

17. The money, property and/or services obtained by Defendant through the transaction with Plaintiffs though the company formerly owned by Defendant which is not disclosed in the debtors petition, namely North America Recycling, Inc. were obtained by Defendants false representation, false pretenses and or actual fraud.

18. Plaintiffs are damaged by the Defendants fraudulent conduct in the form of the unpaid balance as well as being named in lawsuits against the company transferred to Plaintiffs namely North America Recycling, Inc.

19. Plaintiffs objects to debtors discharges in its entirety pursuant to FRBP 7001 (4) and USC 727 © (d) and (e)

WHEREFORE, as a direct and proximate cause of Defendant Debtors conduct the Plaintiff are entitled to a Judgment that the debts owed to Plaintiff are non-dischargeable.

## SECOND COUNT

1. Plaintiff repeats and adopts all of the paragraphs as if fully set forth herein.
2. The total debt alleged to be non-dischargeable is $ 801,636.04.
3. Upon a finding of non dischargabilty, Plaintiff is entitled to a money judgment.

WHEREFORE, plaintiffs seek an Order against Defendant and in favor Plaintiff in the amount of $801,636.04 as well as attorney fees, costs of suit and any all relief the Court deems fit.

## RESERVATION OF RIGHTS

Plaintiffs reserve the right to bring all other claims or causes of action that Plaintiff may have against the Debtor, on any and all grounds, as allowed under the law or in equity.

4

## DESIGNATION OF TRIAL COUNSEL

STEVEN J. SICO, Esq. is hereby designated as trial counsel in this matter.

Dated: 9/19/2015                                                    /s/ STEVEN J. SICO, Esq.
                                                                    _____
                                                                    STEVEN J. SICO, Esq.

5