**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY (Trenton)**

===============================
Ron Reich, Esq.    [RR8802]
The Simon Law Group
40 West High Street
Somerville, New Jersey    08876
800.709.1131/800.709.1141
rreich@simonattorneys.com
Attorney for Debtors/Defendants

===============================
In re: **Budhiraja, Sudhir and Anmol**

    Debtors
===============================

**Saurabh Aggarwal and Nema Jain**

    Plaintiffs

v.

**Sudhir Budhiraja and Anmol Budhiraja**

    Defendants

===============================

Case No. 15-25036

Adversary No. 15-02323

Judge: MBK

**ANSWER TO ADVERSARY PROCEEDING AND COUNTERCLAIM**

Debtors/Defendants, by way of answer to the complaint of the Plaintiffs, by and through counsel, state:

<u>Jurisdiction</u>

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

## First Count

1. Admitted.

2. Admitted.

3. Denied that these are personal debts owed to the Plaintiffs.

4. Denied that these are personal debts owed to the Plaintiffs.

5. Denied that these are personal debts owed to the Plaintiffs.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. This is a statement of law and is neither admitted nor denied.

12. This is a statement of law and is neither admitted nor denied.

13. This is a statement of law and is neither admitted nor denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied that these are personal debts owed to the Plaintiffs.

18. Defendants neither admit nor deny the allegations of this paragraph of the complaint and leave the Plaintiffs to their proofs at trial.

19. Plaintiffs misstate the law with regard to this paragraph of the complaint but, notwithstanding the misstatement, Defendants neither admit nor deny the allegations of this paragraph of the complaint and leave the Plaintiffs to their proofs at trial.

Wherefore, Defendants demand dismissal of the complaint plus attorney's fees and costs.

## Second Count

1. Defendants repeat and restate the answers to the First Count of the Complaint as if set forth at length herein.

2. Denied.

3. Denied.

Wherefore, Defendants demand dismissal of the complaint plus attorney's fees and costs.

Dated: 2 December 2015

/s/ Ron Reich, Esq.
Ron Reich, Esq.

## Designation of Trial Counsel

Ron Reich, Esq. is hereby designated as trial counsel in the within matter.

Dated: 2 December 2015

/s/ Ron Reich, Esq.
Ron Reich, Esq.

## COUNTERCLAIM

Debtors/Defendants, by way of counterclaim against the Plaintiffs, allege as follows:

## Jurisdiction

1. Debtors filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey (Trenton) on 10 August 2015;

2. Plaintiffs are listed as creditors in Debtors' petition, Schedule "F";

3. This Court has jurisdiction over the parties and the subject matter of the suit pursuant to 28 U.S.C. §1334; 28 U.S.C. §151 and 28 U.S.C. §157;

4. This counterclaim to the adversary proceeding is a core proceeding within the meaning of 11 U.S.C. §157(b)(2) and accordingly, jurisdiction is conferred upon the United States Bankruptcy Court.

5. Venue is proper in this Court pursuant to 28 U.S.C. 1408.

6. This matter is a core proceeding pursuant to 28 U.S.C. 157(b)(2)( 1).

### First Count (Breach of Contract)

7. Plaintiffs breached the contract between the parties by failing to perform pursuant to its terms.

8. Plaintiffs' failure to perform has both caused loss to the Debtors as well as prevented gain.

9. Plaintiffs are liable to the Debtors for the breach of the contract which breach has resulted in the damages so alleged.

Wherefore, Debtors demand the following:

a. Dismissal of Plaintiff's claims;

b. Compensatory damages;

c. Nominal damages; and

d. Such other relief as this court deems equitable and just.

### Second Count (Fraud)

10. Debtors repeat and re-allege all previous counts of the counterclaim as if set forth at length herein.

11. In engaging in a business relationship with the Debtors, Plaintiffs made false, material representations of a presently existing or past fact;

12. Said representation were made with the intent that Debtors rely thereon;

13. The Debtors did rely on the false and material representations of the Plaintiffs;

14. As a result thereof, Debtors were damaged.

15. Plaintiffs' conduct was malicious, oppressive or in reckless disregard of the Debtors' rights.

Wherefore, Debtors demand the following:

    a. Dismissal of Plaintiff's claims;

    b. Compensatory damages;

    c. Nominal damages;

    d. Punitive damages; and

    e. Such other relief as this court deems equitable and just.

### Third Count (Fraud in the Inducement)

16. Debtors repeat and re-allege all of the allegations of the previous counts as if set forth at length herein.

17. Plaintiffs made an intentional action, statement, or omission

18. The misrepresentation was material to the decision to enter into the contract between the parties;

19. The Debtors reasonably relied on such misrepresentation, and

20. The Debtors suffered economic harm

15. Plaintiffs' conduct was malicious, oppressive or in reckless disregard of the Debtors' rights.

Wherefore, Debtors demand the following:

    a. Dismissal of Plaintiff's claims;

      b.      Compensatory damages;

      c.      Nominal damages;

      d.      Punitive damages; and

      e.      Such other relief as this court deems equitable and just.

Dated: 2 December 2015

                                        <u>/s/ Ron Reich, Esq</u>.
                                        Ron Reich, Esq.